UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>ROBERT BURTON, Warden,<br><br>　　　　　　　　　Respondent. | Case No.: 3:21-cv-2025-JO-KSC<br><br>**(1) ORDER DISMISSING PETITION WITHOUT PREJUDICE AND**<br><br>**(2) NOTICE OF OPTIONS DUE TO FAILURE TO EXHAUST STATE COURT REMEDIES AS TO ALL CLAIMS** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In it, he challenges his conviction and sentence in San Diego Superior Court case no. SCS215653. ECF No. 1 at 1. For the reasons discussed below the Court dismisses the Petition without prejudice and provides Petitioner notice of his options for exhaustion of state judicial remedies.

## I.　BACKGROUND

As an initial matter, the Court notes that this is not the first time Petitioner has challenged his conviction in San Diego Superior Court case no. SCS215653. Petitioner challenged his conviction in case no. SCS215653 in a prior 28 U.S.C. § 2254 petition filed in his Court in case number 3:13-cv-1193-GPC-PCL on May 17, 2013. *See Dunsmore v. Beard*, 3:13-cv-1193-GPC-PCL, ECF No. 1 at 1. That petition was denied on the merits on

1    August 10, 2015. *See id.*, ECF No. 115. Petitioner appealed and the United States Court of

2    Appeals for the Ninth Circuit denied his request for certificate of appealability on February

3    16, 2016. *See Dunsmore v. Beard*, No. 15-56308 (9th Cir. 2016).

4         On July 15, 2020, Petitioner was resentenced in Superior Court case no. SCS

5    215653. *See* Pet., ECF No. 1 at 6. After his resentencing, Petitioner appealed to the

6    California Court of Appeal. A review of the California Court of Appeal's docket reveals

7    the appellate court affirmed that judgment on July 23, 2021 and the California Supreme

8    Court denied Petitioner's petition for review on October 5, 2021. *See* California Courts,

9    Court Information website, https://appellatecases.courtinfo.ca.gov/search/case/mainCase

10   Screen.cfm?doc_id=2357105&request_token=NiIwLSEmPkw%2BW1BRSSFNVEtIMF

11   w0UDxTJCJeXztRICAgCg%3D%3D&start=1&doc_no=S270619&dist=0&search=party

12   &auth=yes (last visited Jan. 31, 2022).

13        Meanwhile, on September 9, 2020, Petitioner filed another petition for writ of

14   habeas corpus in this Court, again challenging his conviction in Superior Court case no.

15   SCS215653. *Dunsmore v. Gore*, 3:20-cv-1773-CAB-AGS, ECF No. 1. At that time,

16   Petitioner's state court appeal was still pending. Because state court proceedings were

17   ongoing at that time, on March 8, 2021, the Court dismissed the petition in 3:20-cv-1773-

18   CAB-AGS under the abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 41 (1971)

19   (holding federal courts may not interfere with ongoing state criminal proceedings absent

20   extraordinary circumstances). *See Dunsmore v. Gore*, 3:20-cv-1773-CAB-AGS, ECF No.

21   40 at 9–10.

22        On December 1, , Petitioner filed the instant petition for writ of habeas corpus

23   pursuant to 28 U.S.C. § 2254, challenging his conviction in Superior Court case no.

24   SCS215653. ECF No. 1. He has not paid the filing fee or move to proceed *in forma*

25   *pauperis*.

26   / / /

27   / / /

28   / / /

## II.    DISCUSSION

### A.    The Petition is Not Successive

Because Petitioner has been resentenced in San Diego Superior Court case no. SCS21653, he is no longer being held in custody pursuant to the same judgment that he challenged in 3:13-cv-01193-GPC-PCL and as such, the current petition is not impermissibly second or successive. *See Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010); *see also Morales v. Sherman*, 949 F.3d 474, 475–76 (9th Cir. 2020) (per curiam) (concluding a federal habeas petition "which raised the same two claims" asserted in an earlier federal habeas petition was not barred as successive when there had been an intervening state court judgment); *Wentzell v. Neven*, 674 F.3d 1124, 1127–28 (9th Cir. 2012). Moreover, because Petitioner's appeal is no longer pending before the California courts, the *Younger* abstention no longer applies. *See Juidice v. Vail*, 420 U.S. 327, 337 (1977).

### B.    Failure to Satisfy the Filing Fee Requirement

The Petition must be dismissed, however, because Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed *in forma pauperis*. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed *in forma pauperis*, the Court **DISMISSES** the case without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than March 18, 2022,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee. The Clerk of Court shall send a blank Southern District of California *In Forma Pauperis* Application to Petitioner along with a copy of this Order.

### C.    Failure to Allege Exhaustion of State Judicial Remedies as to All Claims

In addition, the Petition appears to contain both exhausted and unexhausted claims. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair

1  opportunity to rule on the merits of every issue raised in his or her federal habeas petition.
2  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust
3  state court remedies a petitioner must allege, in state court, how one or more of his or her
4  federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364
5  (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations
6  of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are
7  asserting claims under the United States Constitution." *Id.* at 365–66 (emphasis added).
8  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state
9  court trial denied him [or her] the due process of law guaranteed by the Fourteenth
10 Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at
11 366 (emphasis added). Where a petition presents a mix of exhausted and unexhausted
12 claims, it is subject to dismissal because it violates the "total exhaustion rule" required of
13 habeas petitions brought pursuant to § 2254. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In
14 such situations, a petitioner must be permitted to cure that defect prior to dismissal. *See id.*
15 at 514–20.

16      Petitioner raises four general claims, each including several subclaims, in his
17 Petition: (1) he received ineffective assistance of counsel; (2) his due process rights were
18 violated when the prosecutor withheld evidence; (3) he has been denied access to courts;
19 and (4) he is being subjected to "excessive confinement" because he has been improperly
20 denied pre-sentencing credits. *See* Pet., ECF No. 1 at 12, 25, 32, 35. Petitioner indicates he
21 has presented Claim One to the state supreme court. *Id.* at 12. Petitioner, however, has
22 failed to allege he has exhausted Claims Two, Three and Four by presenting them to the
23 California Supreme Court. *See id.* at 25, 32, 35. Petitioner has therefore filed a "mixed"
24 petition; that is, one which presents both exhausted and unexhausted claims. Having
25 preliminarily determined the Petition contains unexhausted and exhausted claims, the
26 Court notifies Petition of his options.

27 / / /
28 / / /

4

1

### *1. First Option: Allege Exhaustion*

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are unexhausted. If Petitioner chooses this option, his papers are due no later than **March 18, 2022**. Respondent may file a reply by **April 18, 2022**.

### *2. Second Option: Voluntarily Dismiss the Petition*

Petitioner may voluntarily dismiss his entire federal petition and return to state court to exhaust any unexhausted claims. He may thereafter file a new federal petition in this Court containing only exhausted claims. *See Rose*, 455 U.S. at 520–21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this option, he must file a pleading with this Court no later than **March 18, 2022**. Respondent may file a reply by **April 18, 2022**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1] The statute of limitations does not run while a properly filed <u>state</u> habeas corpus

---

[1] 28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1  petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th

2  Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is

3  'properly filed' when its delivery and acceptance [by the appropriate court officer for

4  placement into the record] are in compliance with the applicable laws and rules governing

5  filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state

6  application for post-conviction relief which is ultimately dismissed as untimely was neither

7  "properly filed" nor "pending" while it was under consideration by the state court, and

8  therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However,

9  absent some other basis for tolling, the statute of limitations continues to run while a federal

10  habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

11  ### 3. *Third Option: Formally Abandon Unexhausted Claims*

12  Petitioner may formally abandon his unexhausted claims and proceed with his

13  exhausted one(s). *See Rose*, 455 U.S. at 510, 520–21 (stating that a petitioner who files a

14  mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If

15  Petitioner chooses this option, he must file a pleading with this Court no later than **March**

16  **18, 2022**. Respondent may file a reply by **April 18, 2022**.

17  Petitioner is cautioned that once he abandons his unexhausted claims, he may lose

18  the ability to ever raise it/them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488

19  (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254

20  petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)–(b).[2]

21

22

23             (D) the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

24             (2) The time during which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or claim is pending

25  shall not be counted toward any period of limitation under this subsection.

26  [2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus
application under § 2254 shall be dismissed unless:

27

28             (A) the applicant shows that the claim relies on a new rule of constitutional law,
made retroactive to cases on collateral review by the Supreme Court, that was
previously unavailable; or

#### 4.      *Fourth Option: File a Motion to Stay the Federal Proceedings*

Petitioner may, along with a First Amended Petition, file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. There are two methods potentially available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claims, ask the Court to stay the proceedings and hold the fully exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claims after exhaustion is complete. *King v. Ryan*, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or "relate back" to the claims in the fully exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. *King*, 564 F.3d at 1141, quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

---

(B)     (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

1    If Petitioner choses this fourth option, he must file a pleading with this Court no later

2 than **March 18, 2022**.  Respondent may file a reply by **April 18, 2022**.

### III.    CONCLUSION AND ORDER

4    For the foregoing reasons, the Court **DISMISSES** this case without prejudice for

5 failure to satisfy the filing fee requirement and failure to allege exhaustion of state judicial

6 remedies as to all claims. If Petitioner wishes to proceed with this case, he must, **no later**

7 **than March 18, 2022**: (1) pay the $5.00 filing fee **OR** submit adequate proof of his

8 inability to pay the fee; **AND** (2) choose one of the options outlined above. Petitioner is

9 cautioned that if he fails to respond to this Order, the Petition will remain dismissed without

10 prejudice.[1] *See Rose*, 455 U.S. at 522. The Clerk of Court shall send a blank Southern

11 District of California *In Forma Pauperis* Application and a blank Amended Petition form

12 to Petitioner along with a copy of this Order.

13    **IT IS SO ORDERED.**

14 Dated:    2/15/22

15                                    Jinsook Ohta
                                     United States District Judge
16

---

[1] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later
federal petition may be barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)–(2).