UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>                    Petitioner,<br><br>v.<br><br>GENA JONES, et al.[1],<br><br>                    Respondents. | Case No.: 3:21-cv-02025-JO-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 10];**<br><br>**(2) GRANTING MOTION TO AMEND PETITION [ECF No. 11]**<br><br>**(3) DENYING MOTION FOR ORDER [ECF No. 9]** |

I.    **Introduction**

On December 1, 2021, Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to challenge his conviction in San Diego Superior Court case no. SCS21653 which was given case no. 3:21-cv-02025-

---

[1] The Court takes judicial notice that Robert Burton is no longer the Warden at California Health Care Facility where Petitioner is housed. *See Romero v. Securus Technologies, Inc.*, 216 F. Supp. 3d 1078, 1085 fn. 1 ("Under [Federal Rule of Evidence 201], the court can take judicial notice of 'public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.'") The Court therefore sua sponte substitutes Gena Jones, Acting Warden at the California Health Care Facility, as Respondent in place of "Robert Burton." *See* https://www.cdcr.ca.gov/facility-locator/chcf/ (last visited 5/17/22).

JO-KSC. (*See* ECF No. 1.) The Court dismissed the petition in this case without prejudice on February 15, 2022 because Petitioner had failed to either pay the $5.00 filing fee or move to proceed in forma pauperis and because Petitioner had failed to allege exhaustion as to all claims in the petition. (*See* ECF No. 4.) Petitioner was told he had until March 18, 2022 to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee and to choose one of the options outlined by the Court in its Order. (*Id.*)

On February 28, 2022, Petitioner filed an Amended Petition and a motion to proceed in forma pauperis in this case. (*See* ECF Nos. 5–6.) On March 16, 2022, the Court denied Petitioner's motion to proceed in forma pauperis in this case because Petitioner had failed to provide the Court with adequate proof of his inability to pay the filing fee. (*See* ECF No. 7.) Petitioner was given until April 19, 2022 to either pay the $5.00 filing fee or submit a trust account statement establishing his inability to pay the fee. (*Id.*)

Petitioner filed a Second Amended Petition in this case on March 24, 2022. (*See* ECF No. 8.) He subsequently filed a document entitled "Motion for Continuance and Order Directing CDCR California Healthcare Facility to Perform its Administrative Duties to Complete Certified Trust Account Statement and Prison Certificate and Forward to the Above Court" in this case on April 15, 2022. (*See* ECF No. 9.) Then, on April 25, 2022, he filed a motion to proceed in forma pauperis which included a trust account statement. (*See* ECF No. 10.)

While this case was proceeding, Petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging the same conviction as he does in this case on December 21, 2022. That case was given case number 3:21-cv-02125-CAB-RBB. (*See Dunsmore v. Burton*, S.D. Cal. case no. 3:21-cv-02125-CAB-RBB, ECF No. 1.) He filed an Amended Petition in case no 3:21-cv-02125-CAB-RBB on March 24, 2022. (*See* case no. 3:21-cv-02125-CAB-RBB, ECF No. 5.) Then, on May 2, 2022, the Amended Petition in case no. 3:21-cv-02125-CAB-RBB was filed as a motion to amend Petitioner's petition in this case (ECF No. 11) pursuant to *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir 2008) (stating that when a pro se petitioner has a 28 U.S.C. § 2254 petition

pending in a district court and files a new 28 U.S.C. § 2254 petition challenging the same conviction, "the district court should . . . construe [a] pro se habeas petition as a motion to amend his pending habeas petition").

## II.     Motion to Proceed in Forma Pauperis

Petitioner has submitted a request to proceed in forma pauperis together with a Prison Certificate certifying that he has $0.01 on account at the correctional institution at which he is presently confined. (ECF No. 10 at 4.) Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## III.    Motion to Amend [ECF No. 10]

Petitioner has filed a Motion to Amend his petition in this case with the four additional claims contained in the petition he filed in case no. 3:21-cv-02125-CAB-RBB: (1) excessive confinement; (2) equal protection; (3) deliberate indifference/cruel and unusual punishment; and (4) double jeopardy. (Mot. to Amend, ECF No. 5 at 6–9.) Motions to amend a petition for writ of habeas corpus are governed by Federal Rule of Civil Procedure 15(a). *In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004); 28 U.S.C. § 2242 (stating that a petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). Rule 15(a) states, in pertinent part:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. Pro., Rule 15(a) (2022).

The petition in this case has not been served and a responsive pleading not yet been filed. Accordingly, Petitioner may amend his petition as a matter of right under Rule 15(a). Petitioner's motion to amend is therefore **GRANTED**. Petitioner is directed to file a Third

Amended Petition which contains both the claims he sought to bring in case no. 3:21-cv-02125-CAB-RBB and the claims he seeks to bring in this case **on or before August 10, 2022.**

IV. **Motion for Order Directing CDCR to Provide Trust Account Statement and Prison Certificate [ECF No. 9]**

In his Motion for Order Directing CDCR to Provide a Trust Account Statement and prison certificate, Petitioner asks this Court for an Order directing prison officials at the California Health Care Facility where he is confined to provide the Court with a trust account statement and prison certificate to establish his inability to pay the $5.00 filing fee in this case. Because Petitioner provided the Court with a prison certificate as part of the most recent Motion to Proceed in Forma Pauperis, the Court **DENIES** the motion as moot.

V. **Conclusion**

For the foregoing reasons, the Court:

(1) **GRANTS** Petitioner's Motion to Proceed in Forma Pauperis [ECF No. 10];

(2) **GRANTS** Petitioner's Motion to Amend his Petition [ECF No. 11] and **DIRECTS** him to file a Third Amended Petition which contains both the claims he sought to bring in case no. 3:21-cv-02125-CAB-RBB and the claims he seeks to bring in this case **on or before August 10, 2022.**; and

(3) **DENIES** Petitioner's Motion for Order Directing CDCR to Provide Trust Account Statement and Prison Certificate [ECF No. 9] as moot.

**IT IS SO ORDERED.**

DATED: 7/11/22

Hon. Jinsook Ohta
United States District Judge