**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>                                    Petitioner,<br><br>v.<br><br>GENA JONES, Acting Warden of the California Healthcare Facility and ROBERT BONTA, California Attorney General,<br><br>                                    Respondents. | Case No. 3:21-cv-2025-JES-LR<br><br>**ORDER:**<br><br>**1) DENYING THIRD AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 13);**<br><br>**2) DENYING MOTIONS FOR ENLARGEMENT OF THE RECORD (ECF No. 47) JUDICIAL NOTICE (ECF No. 51), JOINDER (ECF Nos. 53, 54, 58), and SUMMARY JUDGMENT (ECF Nos. 55, 57); and**<br><br>**3) DENYING CERTIFICATE OF APPEALABILITY** |

## I.   INTRODUCTION

Petitioner Darryl Dunsmore, a state prisoner challenging a San Diego County Superior Court conviction for attempted voluntary manslaughter and assault with a deadly weapon, is proceeding pro se with a Third Amended Petition ("TAP") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* TAP (ECF No. 13). Respondents Gena

Jones and Robert Bonta initially filed a motion to dismiss which resulted in dismissal of all claims other than claim one (ineffective assistance of counsel) and claim two (prosecutorial misconduct). ECF No 34. Respondents have now filed an Answer and lodged portions of the state court record. ECF Nos. 43, 44. Petitioner has filed a Traverse (ECF No. 50), a motion for enlargement of the record (ECF No. 47), a motion for judicial notice (ECF No. 51), two motions for joinder (ECF Nos. 53, 58), a motion for a ruling on his first joinder motion (ECF No. 54), and two motions for summary judgment (ECF Nos. 55, 57).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The Court defers to state court findings of fact and presumes they are correct. *Sumner v. Mata*, 449 U.S. 539, 545-47 (1981). The state appellate court described the events leading to Petitioner's conviction:

> Dunsmore had a long history of harassing his ex-wife. Joseph C., a friend of Dunsmore, tried to convince Dunsmore to leave his ex-wife alone. In December 2007, Joseph agreed to meet with Dunsmore to help him recover property that he had left at his ex-wife's home. Terry R., Joseph's friend, drove Joseph over to Dunsmore's home. Dunsmore was sitting in his full-sized van, with the motor running, when Terry and Joseph arrived and got out of their car. Dunsmore turned on the headlights of his van, revved its engine, and sped straight toward Joseph and Terry. Dunsmore crashed his van at high speed into Terry's car, knocking down Terry, mangling his knee and destroying his car. Dunsmore accelerated and turned the van toward Joseph, who was standing near a telephone pole. Dunsmore flattened the telephone pole and chased Joseph through neighbors' front yards. Dunsmore knocked Joseph down from behind with his van, after driving the van through a chain-link fence and over a brick retaining wall. While leaning his head out of the van's window, Dunsmore drove the van back and forth over Joseph's body several times, breaking several bones and inflicting other injuries. Joseph had lingering injuries at the time of trial.

*People v. Dunsmore*, No. D078348, 2021 WL 3121485, at *1 (Cal. Ct. App. July 23, 2021). Petitioner was committed to Patton State Hospital in 2008 until he was found competent to stand trial. *See People v. Dunsmore*, No. D053201, 2008 WL 4817075, at *1 (Cal. Ct. App. Nov. 6, 2008). On March 23, 2010, a jury found him not guilty of

attempted murder of Joseph C., but guilty of the lesser included offense of attempted voluntary manslaughter of Joseph C., and two counts of assault with a deadly weapon, a vehicle, by force likely to cause great bodily injury on Joseph C. and Terry R. Supplemental Lodgment No. 1 at 214–16 (ECF No. 44-1). The jury found he personally used a deadly and dangerous weapon, a vehicle, as to all counts, and personally inflicted great bodily injury on Joseph C. *Id.* The trial judge found Petitioner had a prior felony conviction which constituted a prison conviction, a prior serious felony conviction, and a prior strike conviction. *Id*. at 217. On June 3, 2010, he was sentenced to twenty-two years in prison. *Id*. at 220–21.

Petitioner appealed his conviction and sentence to the California Court of Appeal, raising a single claim not presented here, which upheld his conviction but reversed as to fines and fees. Lodgment No. 1 (ECF No. 24-1) *People v. Dunsmore*, No. D057645 at 1-2 (Cal. Ct. App. Dec. 22, 2011). He then filed a petition for review in the California Supreme Court raising the same claim, which was summarily denied on October 1, 2012. Lodgment Nos. 2-3 (ECF Nos. 24-2, 24-3).

Petitioner first began presenting the claims raised here in a pro se habeas petition filed in the trial court on May 5, 2011, while his appeal was pending, claiming ineffective assistance of appellate attorney Polsky in failing to raise on appeal claims of prosecutorial misconduct in withholding evidence of victim Joseph C.'s drug use and suborning perjury, his commitment to Patton State Hospital created a speedy trial right violation, the use of his prior conviction to enhance his sentence constituted double jeopardy, and challenging the denials of *Marsden* motions seeking replacement of trial and appellate counsel. Lodgment No. 4 at 3–4, 8–13, 20, 28–33 (ECF No. 24-4). He filed two additional pro se habeas petitions in the trial court repeating his sentence enhancement claim (Lodgment No. 5 at 3 [ECF No. 24-5]) and raised new claims of bad faith destruction of evidence relating to his vehicle as it pertained to his defense of accident by releasing it from the tow yard to the insurance company, illegal search and seizure, and false arrest. Lodgment No. 6 at 3–4, 8–10 (ECF No. 24-6). After the appeal

was final the trial court denied all three petitions on the merits. Lodgment No. 7 (ECF No. 24-7).

Petitioner then filed his fourth and fifth pro se habeas petitions in the trial court, consisting of nearly 600 pages, repeating the claims raised in his first three petitions and adding claims of (1) actual innocence, (2) ineffective assistance of trial counsel Epley in allowing Petitioner to be committed prior to trial, of trial attorneys Popkins and Plummer for vague and conclusory reasons, and of appellate attorneys Swartzberg, Guthrie, and Polsky in failing to raise all the previously identified claims, and (3) prosecutorial misconduct by suborning perjury from the victims regarding their injuries and alcohol and drug use, withholding evidence of Petitioner's competency and that the victims had assaulted and abused him in the past, and presenting false documents regarding his prior conviction. Lodgment No. 8 at 3–10 (ECF Nos. 24-8, 24-9); Lodgment No. 9 at 4–11 (ECF Nos. 24-10, 24-11). In what would become a theme in the denial of Petitioner's next twenty-three state court pro se state habeas petitions, the trial court denied the claims in his fourth and fifth habeas petitions variously as vague, conclusory, successive, repetitive, piecemeal, failure to raise on appeal, and failure to state a prima facie claim for relief. *See* Lodgment No. 10 at 3 (ECF No. 24-12) ("As with all of Petitioner's pleadings, his Fourth and Fifth Petitions are voluminous. While Petitioner's writing is legible, his logic and presentation make it extremely difficult to determine the precise nature of his numerous allegations.") Petitioner thereafter presented those claims in a pro se habeas petition in the state appellate court which denied the claims on the merits, and then in the state supreme court which summarily denied the petition on September 19, 2012. Lodgment Nos. 11–14 (ECF Nos. 24-13–24-16). He then filed two habeas petitions and a petition for writ of error coram vobis in the appellate court and a second habeas petition in the state supreme court alleging prosecutorial misconduct and ineffective assistance due to: (1) perjury by the victims because their pretrial statements were inconsistent with their trial testimony regarding their injuries and why they went to meet him, (2) a recently discovered insurance document referring to the incident as an accident coupled with

evidence the victims had a history of abusing him established his innocence, (3) evidence showing he was not found incompetent to stand trial but merely uncooperative with counsel was withheld which caused his commitment and a speedy trial right violation, (4) the great bodily injury enhancement was invalid under state law, and (5) his efforts to remove and replace counsel during *Marsden* hearings were improperly resisted, all of which were denied on procedural grounds. Lodgment Nos. 15–21 (ECF Nos. 24-17–24-25).

On May 17, 2013, Petitioner filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254 in which he challenged his conviction and sentence and raised many of the same claims raised here. *See* Pet. filed May 17, 2013 (ECF No. 1) in *Dunsmore v. Paramo*, So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL). That petition was denied on August 10, 2015. *Id*., Order filed August 10, 2013 (ECF No. 115).

On August 24, 2018, Petitioner was resentenced pursuant to the appellate decision on direct appeal. Lodgment No. 24 (ECF No. 24-28), *People v. Dunsmore*, No. D074656, at 11 (Cal. Ct. App. Oct. 8, 2019). On appeal of that decision, the state appellate court remanded the case back to the trial court for another resentencing proceeding after finding there were errors in the fees and fines imposed, an error in a sentence enhancement, and to afford the sentencing judge an opportunity to exercise discretion to dismiss the prior serious felony enhancement under a newly enacted law. *Id.* at 17–18.

On July 15, 2020, Petitioner was resentenced a second time to twenty-one years in prison. Lodgment No. 25 (ECF No. 24-29), *People v. Dunsmore*, No. D077762, at 2 (Cal. Ct. App. July 23, 2021). On appeal, the appellate court affirmed his sentence but modified the abstract of judgment to correctly reflect custody credits. *Id.* at 18. It also denied Petitioner's claim that the trial court erroneously denied his *Marsden* motion to relieve appointed resentencing attorney Leff for a conflict of interest and substitute retained attorney Bluemel. *See id*. at 5–8 ("The record shows as new counsel from OAC was appointed to represent Dunsmore, he would amend his civil lawsuit to add such counsel to create this alleged "conflict of interest.") Petitioner filed a pro se petition for

review in the California Supreme Court on July 31, 2020, claiming he was denied his right to retain counsel (Lodgment No. 29 [ECF No. 24-33]), which was summarily denied on September 23, 2020. Lodgment No. 30 (ECF No. 24-34).

Petitioner's appointed counsel Boyce appealed the denial of his *Marsden* motion alleging resentencing counsel Leff was not prepared to present mitigating evidence of Petitioner's developmental disabilities at the July 15, 2020, sentencing hearing, which the appellate court denied on July 23, 2021. Lodgment No. 25 (ECF No. 24-29). On October 13, 2021, the state supreme court summarily denied a petition for review raising that claim. Lodgment Nos. 26, 27 (ECF Nos. 24-30, 24-31). An amended abstract of judgment reflecting the new sentence, under which Petitioner is presently confined, was filed on October 21, 2021. Lodgment No. 28 (ECF No. 24-32).

Petitioner filed two pro se petitions for review in the state supreme court claiming the prosecutor misled the sentencing court to believe he had premeditated his crimes despite being acquitted of attempted murder, which was summarily denied (Lodgment Nos. 53, 54 [ECF Nos. 24-57, 24-58]), and claiming he was denied representation and the right to be present when the resentencing hearing was moved from July 15 to July 30, 2020, which was also summarily denied. Lodgment Nos. 55, 56 (ECF Nos. 24-58, 24-59). His next ten state habeas corpus petitions filed in the trial (Lodgment Nos. 40–41, 47 [ECF Nos. 24-44–24-45, 24-51]), appellate (Lodgment Nos. 43, 49, 57 [ECF Nos. 24-47, 24-53, 24-61]), and supreme (Lodgment Nos. 45, 51, 55, 65 [ECF Nos. 24-49, 24-55, 24-59, 24-69]) courts, and his three petitions for review in the state supreme court (Lodgment Nos. 59, 67, 69 [ECF Nos. 24-63, 24-71, 24-73]), did not raise claims presented here. He repeated previously raised claims in seven additional state habeas petitions filed in the state appellate (Lodgment Nos. 61, 73, 75, 77, 81 [ECF Nos. 24-65, 24-77, 24-79, 24-85]), and supreme (Lodgment Nos. 63, 71 [ECF Nos. 24-67, 24-75]) courts, which were denied on procedural grounds. Lodgment Nos. 62, 64, 72, 74, 76, 78 (ECF Nos. 24-66, 24-68, 24-76, 24-78, 24-80, 24-82).

Petitioner filed fourteen federal habeas corpus petitions in this Court between 2010

and 2022, all of which were either dismissed on procedural grounds or denied. *See* ECF No. 34 at 4 (listing cases). As discussed below, many of the claims raised here were raised and denied in *Dunsmore v. Paramo*, So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL).

Petitioner filed the original Petition in the present case on December 1, 2021, a First Amended Petition on February 28, 2022, a Second Amended Petition on March 24, 2022, and a Third Amended Petition, the operative pleading, on July 28, 2022. ECF Nos. 1, 5, 8, 13. Respondents initially filed a motion to dismiss which the Court granted in part and denied in part on April 5, 2023, dismissing all claims in the TAP other than claims one and two. ECF No. 34. Respondents filed an Answer and Notice of Lodgment of the state court record on July 5, 2023. ECF Nos. 43, 44. Petitioner filed a Traverse on July 28, 2023. ECF No. 50. Petitioner has also filed a motion for enlargement of the record to include 50,000 pages of discovery from a New York bankruptcy case involving vehicle defects, a motion for judicial notice of a civil suit filed in the Orange County Superior Court regarding vehicle defects, two motions to join this case with *Dunsmore, et al. v. State of California, et al*., So.Dist.Ca. Civil Case No. 20cv0406-AJB (DDL), a civil rights case in which he is the lead plaintiff, along with a motion for a ruling on the first joinder motion, and two motions for summary judgment contending there is no genuine issue of material fact in dispute that relief should be granted. ECF Nos. 47, 51, 53, 54, 55, 57, 58.

### III.    PETITIONER'S CLAIMS[1]

In claim one Petitioner alleges he received constitutionally ineffective assistance of counsel. TAP, ECF No. 13 at 6, 10–21. Petitioner had numerous attorneys appointed as trial counsel (Epley, Popkins, Plummer), and appellate counsel (Swartzberg, Guthrie, Polsky), *see* Order filed August 10, 2015 at 29-30 (ECF No. 115) in *Dunsmore v. Beard*, So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL), as well as retained counsel Bluemel

---

[1]  Although the TAP contains eight claims (TAP, ECF No. 13 at 6, 10–36), claims three through eight were dismissed in a prior Order. *See* ECF No. 34 at 5–8. The numbering of Petitioner's subclaims are as they appear in the TAP.

and appointed resentencing counsel Leff, but in only one instance in the TAP does he indicate by name (Leff and Bluemel) which counsels' actions resulted in ineffective assistance. He claims he received ineffective assistance when "counsel" failed to: (1) object at the preliminary hearing that the indictment was not sworn and to "other deficiencies"; (2) move to suppress lost or destroyed evidence which Petitioner does not identify regarding the weapon (Petitioner's van), and investigate the van for malfunction; (3) object to the July 15, 2020, resentencing hearing being held via video conference as a denial of his right to be present; (4) object to his designation as a violent felon at resentencing when there had been no such finding at the original sentencing by the trial judge or the jury, amounting to double jeopardy; (5) allow him to be sentenced as both a serious and violent offender contrary to state law; (6) object at resentencing when the court failed to address issues which Petitioner does not identify but which were directed by the appellate court to be addressed on remand (7) preserve Petitioner's right to object at resentencing to something he does not identify; (8) conduct discovery despite knowing the prosecution was withholding exculpatory evidence of witness and victim perjury, weapon malfunction, and Petitioner's intellectual disability; (9) file a competency motion at sentencing and resentencing regarding his intellectual disability; (10) investigate his competency or submit forensic psychiatric reports concerning his intellectual and developmental disabilities, which denied him a fair trial and fair sentencing hearings; (11) prevent the prosecution from withholding discovery of mitigating trial and sentencing evidence of Petitioner's intellectual disability; (12) object to perjured trial testimony from victim Terry R. as inconsistent with an insurance disclaimer the victim signed a year earlier referring to the incident as an accident; (13) object to perjured trial testimony of victim Joseph C. about injuries unsupported by medical reports; (14) object to the denial and absence of an unidentified medical expert who failed or refused to appear; (15) file a motion "concerning hearsay evidence of injuries"; (16) object at sentencing to the use of a finding that Petitioner used a deadly or dangerous weapon which the jury found not true; (17) investigate the probation report for accuracy resulting

in the loss of a restitution offset from a $15,000 insurance payment to victim Terry R.;
(18) "file a motion to vacate an unauthorized sentence"; (19–20) obtain discovery of, or
file a new trial motion based on, the prosecution's withholding until sentencing of the
$15,000 insurance payment to victim Terry R., which included mitigating evidence of the
failure of the airbags to deploy associated with steering and braking malfunctions
consistent with a vehicle recall notice; (21–22) raise issues regarding Petitioner's
intellectual and developmental disabilities at sentencing despite knowing of an
unidentified medical condition Petitioner suffered before his 18th birthday indicative of
developmental and intellectual disabilities, which deprived him of a fair trial and fair
sentencing hearings; (23) investigate and present mitigating evidence that (a) Petitioner
paid restitution, (b) suffers from an intellectual disability, (c) the victim was a provoker
or a willing participant, (d) the crime was committed because of unusual circumstances
and is unlikely to reoccur, (e) Petitioner was induced by others to commit the crimes
under duress, (f) he believed he had the right to take the actions he took and they were
legal, and (g) he suffered abuse at the hands of the victims; (24) investigate mitigating
trial and sentencing evidence that the victims abused Petitioner as a dependent adult;
(25) object to restitution at June 3, 2010, sentencing hearing which resulted in remand
and caused Petitioner to "suffer greater punishment than that authorized by law"; (26) be
present and ensure Petitioner was present at a June 4, 2010, sentencing hearing; (27)
object at sentencing hearings on June 3 and 4, 2010, which also affected resentencing, to
the finding that Petitioner used a deadly or dangerous weapon which was found not true
by the jury; (28) object at sentencing to unauthorized portions of the sentence, including
but not limited to the finding that Petitioner caused great bodily injury which the jury
found not true and which under state law cannot attach to a manslaughter conviction, to
the calculation of custody credits, and to the verbiage used when referencing a serious
felony; (29) file a motion for a new trial on unspecified grounds which deprived
Petitioner of the right to argue that sentence should not be pronounced on July 15, 2020;
(30) file a motion to vacate unidentified unauthorized portions of the sentence entered on

July 15, 2020; (31) "refused to prepare and file habeas ordered by the court"; (32) raise ineffective assistance of counsel claims which arose prior to counsel's appointment; (33–35) act in Petitioner's interest when counsel orchestrated with other state actors to obstruct Petitioner's access to the courts by causing all his collateral attacks to be dismissed, took the forgoing actions in deliberate indifference to Petitioner suffering cruel and unusual punishment arising from a wrongful conviction, and on July 15, 2020, appointed counsel Leff, despite knowing that Petitioner had retained substitute counsel Bluemel, illegally and without authorization moved the court to reset the sentencing hearing from July 30, 2020 to July 15, 2020 for the purpose of protecting himself (Leff) from civil liability and claims of ineffective assistance, causing Petitioner to be denied representation and his claims to be procedurally defaulted, and Leff threatened Petitioner with harm if he did not dismiss his civil lawsuit claiming Leff was ineffective; (36) raise on appeal unspecified claims alleging ineffective assistance of counsel at trial, sentencing, appeal, remand, and resentencing; (37) raise on appeal claims of ineffective assistance of counsel which caused the remands; and (38) prevent the prosecutor from influencing counsel to disregard the jury finding of a lack of premeditation and to believe Petitioner purposely ran over the victims rather than that a vehicle malfunction caused him to hit the victims; as well as an allegation that (39) both retained and appointed counsel breached their fiduciary duties at the July 15, 2020 resentencing hearing by providing ineffective assistance. TAP (ECF No. 13 at 6, 10–21).

In Claim Two Petitioner alleges prosecutorial misconduct arising when the prosecutor: (1, 7) withheld exculpatory evidence that Petitioner's vehicle malfunctioned and was recalled as defective; (2, 23) withheld and continues to withhold exculpatory evidence of Petitioner's intellectual disability as outlined in his criminal record as a juvenile and adult; (3–6, 18–22) amended the indictment to change the weapon from a "car" to a "vehicle" after becoming aware that victim Terry R. had signed a disclaimer prior to trial with an insurance company referring to the incident as an accident; (8–17) failed to preserve and disclose exculpatory evidence of the vehicle's impound and

inspection which showed malfunction of its airbags, ignition, steering and brakes, directly contradicting the victim's testimony that the incident was not an accident; (24–25) failed to disclose exculpatory evidence of victim Joseph C.'s injuries and was aware both victims committed perjury; (26) is currently under investigation in another case; (27) substituted her personal opinion for a judicial finding of premeditation for sentencing and to avoid discovery violations, as the jury acquitted Petitioner of attempted murder and therefore found he did not premeditate the crime; (28–29) introduced records of a prior conviction used as a strike at sentencing without Petitioner's stipulation or proper authentication, which showed the prior was a wobbler and should not have been used as a felony; and (30) did not intervene in Petitioner's dispute over who should represent him at resentencing, appointed or retained counsel. *Id.* at 22–40.

## IV.   ANALYSIS

Respondents contend the TAP should be denied because: (1) any claims presented in state court after the initial denial on the merits during the first round of state habeas are procedurally defaulted as a result of state procedural rules prohibiting untimely, piecemeal and repetitive presentation of claims, and Petitioner has failed to show cause and prejudice or actual innocence necessary to overcome the default, (2) most of the claims at issue here have already been denied in *Dunsmore v. Beard*, So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL) and Petitioner has not explained how or why the prior adjudication was erroneous, (3) the state court adjudication of Petitioner's claims is neither contrary to, nor involves an unreasonable application of, clearly established federal law, and is not based on an unreasonable determination of the facts, (4) all claims lack merit as Petitioner fails to identify any prejudice resulting from counsels' actions or that he was deprived of material evidence or a fair trial by the prosecutor's actions, (5) any federal constitutional error is harmless due to the strong evidence of guilt, and (6) the Court should not consider any new evidence because the state court record is sufficient to evaluate and deny the claims. ECF No. 43 at 2–6; ECF No. 43-1 at 10–22.

Petitioner replies that: (1) any procedural default caused by piecemeal litigation in

state court resulted from misconduct by state actors to delay or destroy paperwork in order to deny him access to the courts, which is the subject of a related ongoing civil rights action pursuant to 42 U.S.C. § 1983 in *Dunsmore, et al. v. State of California, et al.*, So.Dist.Ca. Civil Case No. 20cv0406-AJB (DDL), (2) he has rebutted the procedural default of his claims through the evidence in that case and because the withholding of exculpatory evidence of the vehicle's malfunction resulted in an unfair trial and the incarceration of an innocent person, (3) the fact that he was resentenced twice proves ineffective assistance of counsel by counsels' failure to ensure he was properly sentenced, (4) the prior adjudication of his claims by this Court was perfunctory and not an adjudication on the merits, (5) the lack of an accurate state court record has resulted in an unreasonable determination of the facts in the adjudication of the claims, (6) the errors regarding the delay in turning over to the defense until sentencing evidence of the vehicle's malfunction and the insurance payment to victim Terry R. are not harmless because they resulted in an unfair trial, and (7) new evidence is constitutionally required to be considered because an innocent man has been wrongfully convicted and imprisoned without the ability to present a defense of accident, and because the state court record is incomplete without the withheld discovery. ECF No. 50 at 1–12; ECF No. 50-1 at 6–8. Attached as exhibits to the Traverse are copies of (1) excerpts from the Third Amended Complaint in *Dunsmore, et al. v. State of California, et al.*, So.Dist.Ca. Civil Case No. 20cv0406-AJB (DDL) alleging San Diego County Sheriff's Deputies confiscated Petitioner's legal papers, (2) a May 21, 2021, Order by the Ninth Circuit indicating this action is not second or successive to *Dunsmore v. Beard*, So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL) due to the 2020 resentencing, (3) petitions for review, habeas corpus, and writs of mandate filed by Petitioner in state court seeking to develop the record, prevent the state court from ruling without an adequate record, correct the record on sentencing to award him custody credits he was denied by a determination without a jury finding he had a serious prior conviction, claiming ineffective assistance of counsel in refusing to file a *Marsden* motion and raise a claim of unauthorized sentencing, and

alleging that the denial of access to copy services and research materials denied him access to courts, (4) an April 28, 2021, state supreme court order denying habeas relief because the petition was repetitive, (5) superior court minutes dated July 29, 2019, directing Petitioner to appear for resentencing on September 17, 2019, and for appointed appellate counsel to "prepare habeas corpus paperwork," (6) a March 23, 2009, insurance coverage release in exchange for a payment of $15,000 which refers to the incident as an accident, (7) a police interview report with victim Terry R., (8) an insurance appraisal report indicating air bags did not deploy during the incident, (9) an excerpt of the trial transcript indicating the trial judge refused to delay the trial so the prosecutor could call a doctor to testify that the victims suffered great bodily injury, (10) various vehicle service and recall bulletins, and (11) two civil complaints filed on behalf of the citizens of Arizona and California in 2014 regarding vehicle defects, including braking, steering, and air bag malfunctions. ECF Nos. 50-3–50-6.

## A. Prior Adjudications

Respondents correctly note that the Court has already denied on the merits claims of ineffective assistance of counsel and prosecutorial misconduct with respect to Petitioner's trial and original sentencing. *See* Order filed August 10, 2015 (ECF No. 115) in *Dunsmore v. Beard*, So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL). Respondents admit the current action is not second or successive to that prior action due to Petitioner's 2020 intervening amended judgment following his second resentencing. *See Magwood v. Patterson*, 561 U.S. 320, 339 (2010) (holding that a new federal habeas petition is not second or successive if there has been a "new judgment intervening between the two habeas petitions.") This is true even though Petitioner is raising many of the same claims here as he did in his prior action. *See Morales v. Sherman*, 949 F.3d 474, 475–76 (9th Cir. 2020) (habeas petition raising same claims raised in an earlier habeas petition was not barred as second or successive when there was a new intervening judgment between the filing of the petitions). Nevertheless, the Ninth Circuit reiterated the comments of the Supreme Court in *Magwood* that the "procedural default rule will continue to limit what

claims may be brought in (such) a federal petition," and when a "petitioner files a new petition reraising all of the arguments previously rejected by a federal court, '(i)t will not take a court long to dispose of such claims where the court has already analyzed the legal issues.'" *Gonzalez v. Sherman*, 873 F.3d 763, 773-74 (9th Cir. 2017), quoting *Magwood*, 561 U.S. at 340, n.15.

In *Dunsmore v. Beard*, So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL), Petitioner claimed, as he does here, that the prosecutor committed misconduct when she knowingly allowed perjured testimony from the victims regarding their injuries, withheld evidence that the vehicle's malfunction explained why the incident was an accident, improperly amended the criminal complaint to include an assault charge, withheld evidence that Petitioner was assaulted by the victims amounting to elder abuse, and subjected Petitioner to double jeopardy by civilly committing him to Patton State Hospital until he was found competent to stand trial and then criminally prosecuting him. Pet. filed May 17, 2013, at 8–9, 14, 26, 107–15 (ECF No. 1) in So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL). He claimed ineffective assistance of counsel alleging attorney Epley removed herself as counsel without permission of the court, allowed him to be committed despite knowing he was competent, and failed to appeal his commitment, attorneys Guthrie and Swartzberg refused "to raise these constitutional matters on appeal," attorney Popkins failed to have him arraigned on the new complaint, attorney Plummer failed "to investigate, raise these constitutional issues, file motions, secure evidence, object to perjury," and attorney Polsky refused "to raise these and other claims on appeal as well as federalize appeal for habeas review." *Id*. at 12. He also claimed actual innocence. *Id*. at 6.

The Court in that prior federal habeas case found that the state court denial of the ineffective assistance of counsel claims, on the basis that Petitioner had not stated a prima facie case for relief, was not contrary to nor an unreasonable application of clearly established federal law because Petitioner had failed to plead sufficient facts to show counsel was deficient or that he was prejudiced as a result. *See* Order filed August 10,

2015, at 29–30 (ECF No. 115) in So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL). The Court found that the state court denial of the prosecutorial misconduct claims was not contrary to or an unreasonable application of clearly established federal law because Petitioner: (1) did not show his defense of accident was undermined by the alleged withholding of evidence of the malfunction of his vehicle, (2) did not establish perjury by the victims with respect to their alcohol use, injuries or insurance settlement, or that the prosecutor was aware they committed perjury, (3) did not show that amending the indictment amounted to misconduct, and (4) did not show the prosecutor subjected him to double jeopardy by committing him to Patton State Hospital and thereafter criminally prosecuting him. *Id*. at 24–29. The Court also rejected the claim of actual innocence. *Id*. at 14–18 ("It appears that Petitioner is arguing that because the (insurance) release used the word 'accident', which was Petitioner's defense at trial, (Terry R.) perjured himself at trial. At trial, Petitioner raised his defense that the incident was an accident because his GPS unit broke off and trapped the gas pedal. Therefore, even if (Terry R.) committed perjury, it does not show that Petitioner is actually innocent and that 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"), quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995).) The Court found Respondent had not established the claims were procedurally defaulted because it was unclear which of the numerous state bars applied to which claims, and Respondent had not shown that all the state procedural bars were independent of federal law and adequate to bar federal review. *Id*. at 12–14.

## B.   Procedural Default

In order to preclude federal habeas review based on a procedural default, a state procedural bar must rest on a state ground which is "independent" of federal law and "adequate" to bar federal review. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). To be "independent" the state law basis for the decision must not be interwoven with federal law. *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983). To be "adequate," the procedural bar must be "clear, consistently applied, and well-established at the time of the

petitioner's purported default." *Calderon v. Bean*, 96 F.3d 1126, 1129 (9th Cir. 1996). "If it is unclear whether the state court dismissed the petition because of a state law procedural default or on the merits of the petitioner's federal constitutional claims, a federal court may review the merits of the claims presented." *Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000), citing *Siripongs v. Calderon*, 35 F.3d 1308, 1317 (9th Cir. 1994).

Respondent has the initial burden of pleading as an affirmative defense that a failure to satisfy a state procedural rule forecloses federal review. *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). If Respondent is successful, the burden shifts to Petitioner to challenge the independence or adequacy of the procedural bar. *Id.* If Petitioner succeeds, the "ultimate burden" of proving procedural default then falls to Respondent. *Id*.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The Supreme Court has limited the "miscarriage of justice" exception to petitioners who can show "a constitutional violation has probably resulted in one who is actually innocent." *Schlup*, 513 U.S. at 327. In *Schlup*, the Supreme Court explained a petitioner's claim of actual innocence can act as a "gateway" to having his otherwise procedurally defaulted claims considered by a federal court. *Id*. at 326–27; *see also Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) (A petitioner "must demonstrate more than that a reasonable doubt exists in the light of the new evidence. (Petitioner) must show it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."), quoting *Schlup*, 513 U.S. at 327, 329 (internal quotation marks omitted).

Respondents have lodged 30 state court petitions filed by Petitioner and admit they "cannot tell for certain when, or if, Dunsmore has raised all the subclaims associated with Ground One and Ground Two" in the state courts, but argue that Petitioner bears that burden, which he has not carried. ECF No. 43-1 at 10–11. They also argue that after the state supreme court's September 19, 2012, summary denial of habeas relief which they contend is presumably a denial on the merits of the claims raised in that petition, any claims raised thereafter were denied on procedural grounds as piecemeal and successive by the state supreme court in its May 1, 2013, order and as repetitive in its April 28, 2021, order. *Id*. at 12–13. Respondents therefore argue that each claim presented to the state supreme court since 2012 is procedurally defaulted by California's *Clark* rule prohibiting piecemeal and repetitive habeas claims. *Id.*

Although Petitioner bears the burden of showing he has exhausted all his claims by either presenting them to the state courts or showing an absence of available state court remedies, the Court has already found that all claims in the TAP are exhausted because even if they were not all presented to the state court Petitioner no longer has state court remedies available to him. ECF No. 34 at 8. Respondents bear the initial burden of identifying state procedural bars which preclude consideration of the claims, which they have not carried for two reasons. First, they admit they "cannot tell for certain when, or if, Dunsmore has raised all the subclaims associated with Ground One and Ground Two" in the state courts, and therefore have not indicated which claims were denied in state court on procedural grounds and which have not been presented to the state court. ECF No. 43-1 at 10–11. Second, their lodgments indicate that numerous state procedural bars were imposed, but they rely solely on the *Clark* bar against piecemeal litigation. ECF No. 43 at 3. Thus, as in the prior federal action, they once again fail to allege that every procedural bar applied is independent and adequate. *See Washington v. Cambra*, 208 F.3d 832 (9th Cir. 2000) (holding that when a state court order invokes more than one procedural rule but fails to specify which rule applies to which claims the state court order does not bar federal review if any of the state procedural bar cases cited "is not

adequate and independent.") In any case, as the Court previously noted, ruling on procedural default involves development of the record and an examination of the merits of the claims which would be repetitive of a merits analysis. ECF No. 34 at 9. The Court will therefore proceed to address the merits of the claims in the TAP, all of which clearly fail on the merits. *See Ayala v. Chappell*, 829 F.3d 1081, 1096 (9th Cir. 2016) (approving of district court's determination that development of the record regarding procedural default was unnecessary where claim clearly failed on the merits) (citing *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002)) ("Procedural bar issues are not infrequently more complex than the merits . . ., so it may well make sense in some instances to proceed to the merits if the result will be the same.")

### C. Merits

Respondents contend that the state court adjudication of Petitioner's claims of ineffective assistance of counsel and prosecutorial misconduct are not contrary to nor an objectively unreasonable application of clearly established federal law, and that this Court has already made such a finding as to the claims raised in Petitioner's prior habeas petition. ECF No. 43-1 at 15–16, citing *Magwood*, 561 U.S. at 340, n.15 (noting that when a petitioner files a new petition reraising arguments previously rejected by a federal court, "(i)t will not take a court long to dispose of such claims where the court has already analyzed the legal issues.") Petitioner replies that this Court adjudicated his claims in such a summary fashion in that case that it was not a ruling on the merits. ECF No. 50 at 8. He contends his federal and state constitutional rights were violated at his trial and appeal, and that his efforts to raise such claims in state court were obstructed to the point that the state court adjudication is contrary to clearly established federal law. *Id*. at 1-2. He also contends the state court adjudication is based on an unreasonable determination of the facts because his claims were adjudicated on an undeveloped state court record due to withheld discovery of vehicle malfunction and the insurance payment to victim Terry R., depriving him of the defense of accident. *Id*. at 5, 7-11.

In order to obtain federal habeas relief with respect to a claim which was adjudicated on the merits in state court, a federal habeas petitioner must first demonstrate that the state court adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). If Petitioner can satisfy either provision, or if they do not apply because a claim was adjudicated in state court on procedural grounds rather than on its merits, a de novo review is required to determine whether a federal constitutional violation has been established. *Hardy v. Chappell*, 849 F.3d 803, 820 (9th Cir. 2016); *see also Fry v. Pliler*, 551 U.S. 112, 119 (2007) (holding that § 2254(d) "sets forth a precondition to the grant of habeas relief . . ., not an entitlement to it.") Under de novo review "state court judgments of conviction and sentence carry a presumption of finality and legality and may be set aside only when a state prisoner carries his burden of proving that (his) detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." *Hayes v. Brown*, 399 F.3d 972, 978 (9th Cir. 2005) (en banc); *see also Frantz v. Hazey*, 533 F.3d 724 (9th Cir. 2008) (en banc) (holding that even if state court does not address the constitutional issue, where the reasoning of the state court is relevant to resolution of the constitutional issue, that reasoning must be part of federal habeas court's consideration even under a de novo review).

A state court's decision may be "contrary to" clearly established Supreme Court precedent (1) "if the state court applies a rule that contradicts the governing law set forth in (Supreme Court) cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of (the Supreme) Court and nevertheless arrives at a result different from (Supreme Court) precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" of clearly established federal law occurs "if the state court identifies the correct governing legal rule from (the

Supreme) Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

Clearly established federal law "refers to the holdings, as opposed to the dicta, of (Supreme Court) decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(e)(1)." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

### 1.  Ineffective Assistance of Counsel Claims

Clearly established federal law provides that to show constitutionally ineffective assistance of counsel, counsel's performance must have been deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Williams*, 529 U.S. at 391 ("It is past question that the rule set forth in *Strickland* qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'"); *Miller v. Keeney*, 882 F.2d 1429, 1433 (9th Cir. 1989) (noting that *Strickland* standard applies to claims of ineffective assistance of appellate counsel). Petitioner must also show prejudice, which requires showing that "counsel's errors were so serious as to deprive (Petitioner) of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. Prejudice requires a reasonable probability that the result of the proceeding would have been different absent the error, that is, "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. This standard requires a "'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011), quoting *Harrington v. Richter*, 562 U.S. 86, 1012 (2011). Both deficient performance and prejudice must be shown, although a

court need not examine both prongs if either one is not established. *Strickland*, 466 U.S. at 687. Review under *Strickland* is "highly deferential," and federal habeas review is "doubly deferential" when applying § 2254(d) to a state court adjudication of an ineffective assistance of counsel claim. *Pinholster*, 563 U.S. at 190. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

### a. Claim One, parts 2, 4–5, 8–13, 16, 21–22, 23(b)–(c), (e)–(g), 24, and 28.

The state supreme court denied Petitioner's first habeas petition in an order which stated: "Petition for writ of habeas corpus denied." Lodgment No. 14 (ECF No. 24-16). In that petition, filed on July 16, 2012, Petitioner indicated he was raising the same claims raised in his first appellate court habeas petition, which in turn raised the claims in his first five trial court habeas petitions. Lodgment No. 13 (ECF No. 24-15) at 3, 27. The ineffective assistance of trial and appellate counsel claims raised in those petitions alleged counsel failed to challenge at trial and raise on appeal claims regarding: (1) the initial finding that he was not competent to stand trial and his commitment to Patton State Hospital as a double jeopardy violation, which also caused a violation of his right to a speedy trial and the loss of exculpatory evidence of a broken GPS unit and a broken window in his van from towing and impound records which interfered with his defense of accident, (2) a claim that a great bodily injury finding cannot be attached to a manslaughter charge or assault without battery under state law, that use of a deadly weapon cannot include a vehicle, and his conviction was a wobbler rather than a felony for sentencing purposes, (3) perjured trial testimony by the victims arising from contradictions in their testimony with medical records, alcohol, drug use, and prior assaults on Petitioner as a dependent adult showing Petitioner was justified in his actions by duress and necessity, (4) withholding of exculpatory evidence of mechanical failure of his vehicle, and (5) a challenge to the underlying plea agreement of his strike prior to

prevent its use as a sentence enhancement. *Id*. at 3, 9, 13–14, 17–18, 22–24, 26, 30–31, 35–54, 82–83, 85–92, 95–97, 102. These claims correspond to the claims raised here in the TAP as claim one, subparts 2, 4, 5, 8–13, 16, 21–22, 23(b)–(c), (e)–(g), 24, and 28.

The Court looks through the state supreme court's silent denial to the last reasoned state court opinion addressing the claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–06 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim (are presumed to) rest upon the same ground.")[2]

The appellate court order denying habeas relief stated:

> Petitioner contends he received ineffective assistance of trial and appellate counsel. For a petitioner to prevail on a claim of ineffective assistance of counsel, he must establish that counsel "failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates." *People v. Pope* (1979) 23 Cal.3d 412, 425. In addition, he must show he was prejudiced by counsel's deficient performance. *Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Ledesma* (1987) 43 Cal.3d 171, 216. Petitioner has not shown that his counsel's actions were deficient or that he was prejudiced by any alleged deficiencies. As to his claim that counsel did not raise constitutional arguments on appeal, counsel is not required to bring frivolous claims based solely on the wishes of his client.

Lodgment No. 12 at 1–2 (ECF No. 24-14).

The trial court addressed these claims in more detail in its orders denying Petitioner's first five habeas petitions. *See* Lodgment No. 7 at 3–15 (ECF No. 24-7); Lodgment No. 10 at 3–8 (ECF No. 24-12). However, the inquiry under 28 U.S.C. § 2254(d) applies "to a single state court decision, not to some amalgamation of multiple state court decisions." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When

---

[2]  Although Petitioner continued to present many of these claims in his various state court petitions which were denied on procedural grounds, a claim denied on the merits and raised in a later state post-conviction proceeding and denied on procedural grounds is not procedurally defaulted. *See Koerner v. Grigas*, 328 F.3d 1039, 1049–53 (9th Cir. 2003) ("A claim cannot be both previously litigated and procedurally defaulted.")

more than one state court has adjudicated a claim, we analyze the last reasoned decision.") Nevertheless, more than one state court decision can be considered when "the last reasoned decision adopted or substantially incorporated the reasoning from a previous decision and, as a result, it was reasonable for the reviewing court to look at both decisions to fully ascertain the reasoning of the last decision." *Id.*

The Court finds, consistent with its denial of Petitioner's ineffective assistance of counsel claims in his prior federal habeas action (*see* Order filed August 10, 2015 [ECF No. 115] at 29–30 in So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL)), that the state court adjudication of these claims on the basis that Petitioner showed neither deficient performance nor prejudice, was neither contrary to, nor an objectively unreasonable application of, *Strickland*, because Petitioner has once again failed to show deficient performance or prejudice. *See Magwood*, 561 U.S. at 340, n.15 (noting that when a petitioner files a new petition reraising arguments previously rejected by a federal court, "(i)t will not take a court long to dispose of such claims where the court has already analyzed the legal issues.")

There is no merit to the claims that counsel was deficient in failing to object at sentencing to the use of a finding not made by the jury that Petitioner used a deadly or dangerous weapon, as the jury expressly made that finding. ECF No. 44-1 at 215-16. The claims that counsel failed to object at sentencing to the finding Petitioner caused great bodily injury, suffered a prior serious felony, or was never informed his prior conviction could be used as a strike, are without merit because the jury made an express finding that Petitioner personally inflicted great bodily injury (*id.*), the trial court expressly found he suffered a serious prior felony (*id.* at 217), and the trial court found that he knew it could be used as strike when he entered his guilty plea. Lodgment No. 7 at 3-4 (ECF No. 24-7). ("(T)he change of plea form bears Petitioner's initials, and signature under penalty of perjury, indicating that Petitioner read and understood the terms of his plea. . . . and expressly advised Petitioner that his conviction constitutes a 'strike' that could result in substantially increased penalties for any future felony offense.") Any claim that the prior

conviction sentence enhancement was erroneous as a matter of state law is not cognizable on federal habeas. *See Estelle v. McGuire*, 502 U.S. 62, 67−68 (1982) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

Petitioner's claim that counsel failed to develop evidence of braking and steering mechanical malfunctions of his vehicle type as described in recall notices and civil actions fails to explain how that evidence would support his defense of accident. Petitioner testified at trial that he was in his vehicle about to leave the scene when the victims arrived and jumped from their car and stood in front of his van in the middle of the road waving their arms; he was scared of them and afraid they would assault him so he drove away but accidentally hit their car and bounced off into Terry R.; he tried to stop but a GPS unit in his vehicle came loose and trapped the gas pedal which overpowered the brakes; he saw Joseph C. "running off the right side of my vehicle and jump and then disappear" and may have hit him with the front of the van; the van then hit a telephone pole, a fence, and a retaining wall; he tried stopping by putting the van in neutral but it went in reverse and began going back and forth; he dislodged the GPS unit, put the van in reverse, and left the scene. Supplemental Lodgment No. 11, Reporter's Tr. ("RT") at 594−602, 634−44 (ECF No. 44-11). The state court determination that Petitioner failed to establish either deficient performance or prejudice from trial counsel's failure to augment the defense of accident by presenting evidence that similar vehicles suffered mechanical malfunctions regarding steering and braking, or appellate counsel's failure to raise that issue on appeal, are not objectively unreasonable in light of Petitioner's testimony that once he dislodged the GPS unit and drove away the vehicle apparently operated normally (RT 602), and his testimony that it operated normally when he drove it for eight months before the incident and continued to operate normally when he drove it after it was returned to him after the incident (RT 616−18), as well as the trial evidence which established Petitioner "chased Joseph through neighbors' front yards" and "knocked Joseph down from behind with his van, after driving the van through a chain-link fence

and over a brick retaining wall," and most significantly, "(w)hile leaning his head out of the van's window, Dunsmore drove the van back and forth over Joseph's body several times, breaking several bones and inflicting other injuries." *People v. Dunsmore*, No. D078348, 2021 WL 3121485, at *1. *See Strickland*, 466 U.S. at 687, 694 (a petitioner must show that "counsel's errors were so serious as to deprive him of a fair trial," and that the errors created "a probability sufficient to undermine confidence in the outcome.")

The state court denial of claims that trial and appellate counsel failed to raise claims that the victims committed perjury because their testimony about their injuries was not supported by medical reports or about their drug and alcohol use that day, is objectively reasonable, as Petitioner has failed to rebut the finding by the trial court that even if Joseph C. testified about his spinal injury in a manner unsupported by medical records, he "suffered numerous serious injuries other than the alleged fractured vertebrae," and that "(Terry R.) testified that (Joseph C.) appeared to be under the influence of drugs, (Terry R.) himself admitted he had used methamphetamine the day before, and neighbors who came to (Joseph C.)'s aid also testified he smelled strongly of alcohol. The jury already had substantial evidence of (Joseph C.)'s intoxication." Lodgment No. 10 at 7 (ECF No. 24-12). Nor does Petitioner explain how that testimony affected his trial. *See Pinholster*, 563 U.S. at 189 (the prejudice standard requires a "'substantial,' not just 'conceivable,' likelihood of a different result."), quoting *Richter*, 562 U.S. at 112. Likewise, his claims that counsel failed to investigate evidence the victims provoked him through prior abusive conduct or were willing participants in the incident, and he was induced by them under duress to assault them in self-defense or necessity, fails to establish prejudice because Petitioner has not rebutted the trial court finding it would not constitute a defense to the charges (*see* Lodgment No. 10 at 8 [ECF No. 24-12]), and because that evidence was nevertheless presented at trial through Petitioner's testimony (*see* RT 592−93, 605, 614−15), and may have contributed to his acquittal of attempted murder and his conviction on a lesser included offense of attempted manslaughter. *See Richter*, 562 U.S. at 100 ("Representation is constitutionally

ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial."), quoting *Strickland*, 466 U.S. at 686. As noted, the *Strickland* standard is "difficult to meet," *id.* at 105, and "highly deferential." *Pinholster*, 563 U.S. at 181.

Petitioner has not shown that the state court adjudication of his claims that trial and appellate counsel failed to raise claims challenging the finding he was not competent to stand trial and arguing that his commitment to Patton State Hospital amounted to double jeopardy and speedy trial right violations is objectively unreasonable. He has not rebutted the finding by the trial court that "a court-appointed psychiatrist found Petitioner mentally incompetent to stand trial and recommended commitment until Petitioner was judged competent. The trial court suspended criminal proceedings in accordance with (Penal Code) § 1368(c), and Petitioner received treatment in order to restore him to competency. The court therefore finds good cause existed for continuances associated with his competency." Lodgment No. 10 at 5 (ECF No. 24-12). The denial of the claims that counsel failed to present mitigating evidence of his intellectual disabilities is objectively reasonable because Petitioner does not identify the evidence supporting those claims or how they would have affected his trial or appeal. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (recognizing a strong presumption that counsel took actions "for tactical reasons rather than through sheer neglect"), citing *Strickland*, 466 U.S. at 690 (holding that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); *Burt v. Titlow*, 571 U.S. 12, 22-23 (2013) (recognizing "that the burden to 'show that counsel's performance was deficient' rests squarely on the defendant, . . . It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct (fell) within the wide range of reasonable professional assistance.'"), quoting *Strickland*, 466 U.S. at 687, 689; *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (denying habeas relief on the basis that "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are

contentions that in the face of the record are wholly incredible."); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (denying habeas relief on ineffective assistance of counsel claim on the basis that "(c)onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.")

Accordingly, Petitioner has failed to show that the state court adjudication on the merits of claim one, subparts 2, 4, 5, 8-13, 16, 21–22, 23(b)–(c), (e)–(g), 24, and 28 of the TAP, is either contrary to, or an unreasonable application of, *Strickland*. Neither has he shown the state court adjudication is based on an unreasonable determination of the facts. *See Miller-El*, 537 U.S. at 340 ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(e)(1).")

### b.  Claim One, subparts 8–13, 19–20, 23(c)&(g), 24 and 28

Petitioner next presented claims to the state supreme court in a habeas petition filed on March 7, 2013, in which he included new claims as well as new allegations supporting previously adjudicated claims. Lodgment No. 20 (ECF Nos. 24-22–24-24). He alleged in that petition he received ineffective assistance of counsel when counsel: (1) failed to raise a claim of perjury arising from statements the victims made prior to trial that they were going to confront Petitioner and tell him to leave his ex-wife alone which were inconsistent with their trial testimony that they were meeting Petitioner to help him retrieve property from his former residence, (2) failed to present new evidence recently discovered by Petitioner establishing his innocence in the form of an insurance document referring to the incident as an accident which did not seriously injure Terry R. which contradicted his testimony that Petitioner intended to run him down and invalidates the jury finding of great bodily injury as to Terry R., and "an abuse allegation" he made against the victims identifying them as his "caregivers" supporting his claim that the victims had a history of abusing him, (3) suppressed and withheld discovery in the form

of evidence from his competency determination that the doctor did not find him incompetent to stand trial but merely uncooperative with counsel, which would have avoided his stay at Patton State Hospital which violated his right to a speedy trial, (4) failed to challenge the great bodily injury enhancement as invalid under state law as it cannot attach to manslaughter and is an element of the assault count, and failed to point out that under state law manslaughter is a misdemeanor when it is accompanied by use of deadly weapon, not a serious or violent felony, and (5) resisted his efforts to remove and replace counsel, including during *Marsden* hearings, for failing to raise these claims at trial and on appeal. *Id*. at 7–37. These claims correspond to the claims raised here in the TAP as claim one, subparts 8–13, 19–20, 23(c)&(g), 24 and 28, some of which have overlapping aspects of the claims just discussed.

The state supreme court denied the petition, stating: "The petition for writ of habeas corpus is denied. *See In re Clark* (1993) 5 Cal.4th 750, 767-769; *People v. Duvall* (1995) 9 Cal.4th 464,474; *In re Swain* (1949) 34 Cal.2d 300, 304; *In re Miller* (1941) 17 Cal.2d 734, 735." Lodgment No. 21 (ECF No. 24-25). The appellate court denied the claims as raised and rejected in prior habeas petitions, with the exception that:

> Dunsmore presents one new argument regarding new evidence he recently obtained that demonstrates his innocence. Dunsmore has not shown how the two documents (the insurance release and the abuse allegation) would "undermine the entire prosecution case and point unerringly to innocence . . . ." *In re Hardy* (2007) 41 Cal.4th 977, 1016. Thus, Dunsmore does not show there is any merit to any of his arguments. He has not stated a prima facie case for relief. *People v. Duvall, supra*, 9 Cal.4th at p. 474.

Lodgment No. 19 (ECF No. 24-21) at 2. The appellate court had previously stated:

> As to additional issues that were not a part of his earlier petition, we restate another longstanding rule. "'In this state a defendant is not permitted to try out his contentions piecemeal by successive proceedings attacking the validity of the judgment against him.'" *In re Clark* (1993) 5 Cal.4th 750, 768. Petitioner has not shown there is any merit to any of his arguments. He has not stated a prima facie case for relief. *People v. Duvall, supra*, 9 Cal.4th at p. 474.

Lodgment No. 16 (ECF No. 24-18).

The state court denial of Petitioner's claims under *Duvall* for failure to state a prima facie case for relief is a denial on the merits for the purposes of 28 U.S.C. § 2254(d). *See Phelps v. Alameida*, 569 F.3d 1120, 1125 n.8 (9th Cir. 2009) (recognizing that a state court's conclusion that a petition "does not state a prima facie case" is "a denial on the merits of the claim.") The Court finds, consistent with its denial of Petitioner's ineffective assistance of counsel claims in his prior federal habeas action which were denied by the state court for failure to state a prima facie claim for relief (*see* Order filed August 10, 2015 (ECF No. 115) at 29–30 in So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL)), that the state court adjudication of these claims for failure to state a prima facie case for relief, is neither contrary to nor an objectively unreasonable application of *Strickland* because Petitioner has failed to adequately show either deficient performance or prejudice.

With respect to Petitioner's claim that counsel failed to introduce pretrial statements by the victims that they were going to visit Petitioner to confront him which conflicted with their trial testimony they went to meet him to help him retrieve property, he has not shown how it would have affected the outcome of the trial, as the jury rejected his defense that he hit them accidentally as he was trying to avoid a confrontation. *See Richter*, 562 U.S. 86, 100 (2011) ("Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial.") (quoting *Strickland*, 466 U.S. at 686.) Petitioner claims counsel failed to present or disclose recently discovered evidence establishing his actual innocence in the form of an insurance document referring to the incident as an accident and stating that victim Terry R. did not sustain great bodily injury, which he contends contradicts Terry R.'s testimony that Petitioner intended to run him down and invalidates the jury finding of great bodily injury as to Terry R. However, the jury returned a great bodily injury finding only as to victim Joseph C. Supplemental Lodgment No. 1 at 214–

16 (ECF No. 44-1). In addition, this Court previously found this same claim of actual innocence to be without merit and Petitioner has presented no additional evidence to support this claim. *See* Order filed August 10, 2015, at 14–18 (ECF No. 115) in So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL) ("It appears that Petitioner is arguing that because the (insurance) Release used the word 'accident', which was Petitioner's defense at trial, (Terry R.) perjured himself at trial. At trial, Petitioner raised his defense that the incident was an accident because his GPS unit broke off and trapped the gas pedal. Therefore, even if (Terry R.) committed perjury, it does not show that Petitioner is actually innocent and that 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"), quoting *Schlup*, 513 U.S. at 327.

It was objectively reasonable for the state court to deny Petitioner's claim that counsel was deficient for failing to seek admission of "an abuse allegation" he made against the victims to further support his testimony they had a history of abusing him. *See* Lodgment No. 10 at 8 (ECF No. 24-12) ("(Petitioner) asserts that he was the victim of emotional and psychological abuse by (Terry R. and Joesph C.), who he describes as his "caregivers."  Petitioner alleges he complained to the Office of the District Attorney about this abuse, but it was not properly investigated. Petitioner claims that he suffered entrapment and had no choice but to defend himself . . . (which) fails to state a prima facie defense to the charged offenses.")) *See Blackledge*, 431 U.S. at 74 (denying habeas relief on the basis that "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") The same is true of his claim that counsel suppressed and withheld discovery in the form of evidence from his competency determination that the doctor did not find him incompetent to stand trial but merely uncooperative with counsel, which he claims would have avoided his stay at Patton State Hospital and avoided a speedy trial right violation. As noted, the trial court found that "a court-appointed psychiatrist found Petitioner mentally incompetent to stand trial and recommended commitment until Petitioner was judged competent. The trial court suspended criminal proceedings in

accordance with (Penal Code) § 1368(c), and Petitioner received treatment in order to restore him to competency. The court therefore finds good cause existed for continuances associated with his competency." Lodgment No. 10 at 5 (ECF No. 24-12). His claim that counsel resisted his efforts to remove and replace counsel for failing to raise these claims at trial and on appeal fails for the same reasons. *See Blackledge*, 431 U.S. at 74 (denying habeas relief on the basis that "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *James*, 24 F.3d at 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") The claim that the great bodily injury enhancement is invalid under state law is not cognizable on federal habeas. *Estelle*, 502 U.S. at 67-68. Petitioner has not shown any of these claims were denied on the basis of an unreasonable determination of the facts. *Miller-El*, 537 U.S. at 340.

Habeas relief is denied as to claim one, subparts 8–13, 19–20, 23(c), 23(g), 24 and 28, on the basis that the state court adjudication is neither contrary to, nor an unreasonable application of, *Strickland*, and is not based on an unreasonable determination of the facts.

### c.  Remaining subparts of claim one

Petitioner's remaining subclaims of ineffective assistance of counsel, for which there does not appear to be an adjudication by the state court other than on the basis of state procedural bars, fail under a de novo review. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (holding that the Court may "deny writs of habeas corpus under § 2254 by engaging in a de novo review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review."); *see also Hayes*, 399 F.3d at 978 (noting that de novo habeas review provides that "state court judgments of conviction and sentence carry a presumption of finality and legality and may be set aside only when a state prisoner carries his burden of proving that (his) detention violates the fundamental liberties of the

person, safeguarded against state action by the Federal Constitution.")

Petitioner's allegations challenging the lack of a restitution offset from a $15,000 insurance payment to Terry R. (TAP claim one, subparts 17, 23(a) and 25), fail to state claims cognizable on federal habeas. *See Bailey v. Hill*, 599 F.3d 976, 979 (9th Cir. 2010) (state restitution errors not cognizable on federal habeas). The remaining claims are either entirely conclusory, unsupported by the record, or rely solely on state law, including failure of counsel to (1) object at the preliminary hearing that the indictment was not sworn and to "other deficiencies"; (3) object to the July 15, 2020, resentencing hearing being held via video conference as a denial of Petitioner's right to be present; (6) object at resentencing when the court failed to address issues which Petitioner does not identify but which were directed by the appellate court to be addressed on remand; (7) preserve Petitioner's right to object at resentencing to something Petitioner does not identify; (14) object to the denial and absence of an unidentified medical expert who failed or refused to appear; (15) file a motion "concerning hearsay evidence of injuries"; (18) "file a motion to vacate an unauthorized sentence"; (23) investigate and present unidentified evidence that (d) the crimes were committed because of unusual circumstances unlikely to reoccur; (26) be present and ensure Petitioner was present at a June 4, 2010, sentencing hearing; (27) object to the use at sentencing to a finding that he used a deadly or dangerous weapon (as the jury specifically made that finding); (29) file a motion for a new trial on unspecified grounds which deprived Petitioner of the right to argue that sentence should not be pronounced on July 15, 2020; (30) file a motion to vacate unidentified unauthorized portions of the sentence on July 15, 2020; (31) "refused to prepare and file habeas ordered by the court"; (32) raise unidentified ineffective assistance of counsel claims which arose prior to counsel's appointment; (33–35) act in Petitioner's interest when counsel orchestrated with other state actors to obstruct his access to the courts by causing all his collateral attacks to be dismissed resulting in his claims becoming procedurally defaulted, took the forgoing actions in deliberate indifference to Petitioner suffering cruel and unusual punishment arising from a wrongful

conviction, and on July 15, 2020, appointed counsel Leff, despite knowing that Petitioner had retained substitute counsel Bluemel, illegally and without authorization moved the court to reset the sentencing hearing from July 30, 2020, to July 15, 2020, for the purpose of protecting himself (Leff) from civil liability and claims of ineffective assistance, causing Petitioner to be denied representation and his claims to be procedurally defaulted, and Leff threatened Petitioner with harm if Petitioner did not dismiss his civil lawsuit claiming Leff was ineffective; (36) raise on appeal unspecified claims alleging ineffective assistance of counsel at trial, sentencing, appeal, remand, and resentencing; (37) raise on appeal claims of ineffective assistance of counsel which caused the remands; (38) prevent the prosecutor from influencing counsel to disregard the jury finding of a lack of premeditation and to believe Petitioner purposely ran over the victims rather than that a vehicle malfunction caused him to hit the victims; and (39) both retained and appointed counsel breached their fiduciary duties at the July 15, 2020, resentencing hearing by providing ineffective assistance. *See James*, 24 F.3d at 26 (denying habeas relief as to ineffective assistance of counsel claim on the basis that "(c)onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Blackledge*, 431 U.S. at 74 ("presentation of conclusory allegations unsupported by specifics is subject to summary dismissal."); *Richter*, 562 U.S. at 105 (the *Strickland* standard is "difficult to meet.")

In sum, for the forgoing reasons, the Court denies habeas relief as to those aspects of claim one in the TAP which were adjudicated on the merits by the state court on the basis that the state court adjudication is not contrary to, and does not involve an unreasonable application of, clearly established federal law, and does not involve an unreasonable determination of the facts. The Court denies relief on the remaining aspects of claim one under a de novo review on the basis they lack merit.

## 2. Prosecutorial Misconduct

Respondents contend the claims in the TAP alleging the prosecutor withheld evidence regarding Petitioner's competency and his vehicle recall and malfunction are

without merit and should be rejected as conclusory and without support because the vehicle records were publicly available and Petitioner could access his own medical, criminal and insurance records. ECF No. 43-1 at 20-22. Respondent also contends this Court has previously rejected claims the prosecutor withheld evidence that the vehicle's acceleration was caused by recalled parts and found that there was no conflict in the testimony of, or perjury by, victim Terry R. regarding his settlement with the insurance company and his pretrial statements, or with respect to his or Joseph C.'s alcohol use or injuries. *Id*. citing Order filed August 10, 2015 (ECF No. 115) at 27 in So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL) (finding Petitioner had not "explained how the prosecutor was aware that the alleged testimony was in fact false, and how this alleged perjured testimony prejudiced him.")

Petitioner replies that: (1) the prior adjudication by this Court was perfunctory and not an adjudication on the merits, (2) the lack of an accurate state court record has resulted in an unreasonable determination of the facts by the state courts in denying his claims, (3) the errors regarding the delay in turning over to the defense until sentencing evidence of the vehicle's malfunction and the insurance payment to victim Terry R. are not harmless because they resulted in an unfair trial, and (4) new evidence is constitutionally required to be considered because an innocent man has been wrongfully convicted and imprisoned without the ability to present a defense of accident, and because the state court record is incomplete without the withheld discovery. ECF No. 50 at 1–12; ECF No. 50-1 at 6–8.

To establish a claim of prosecutorial misconduct, a petitioner must show: (1) the prosecutor's actions amounted to constitutional error; and (2) the error was not harmless. *Greer v. Miller*, 483 U.S. 756, 765–66 (1987). In determining whether there was constitutional error, the Supreme Court has stated that the misconduct must have so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986), quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The touchstone of due process analysis in

cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. *Smith v. Phillips*, 455 U.S. 209, 219 (1982).

### a. Claim two, subparts 1, 7–17, 24–25

In Petitioner's first round of state habeas petitions he claimed the prosecutor committed misconduct by: (1) withholding evidence of Joseph C.'s drug and alcohol use and failing to correct his testimony that he had not been drinking and had suffered several broken vertebrae, (2) allowing a pretextual commitment to Patton State Hospital which created a speedy trial violation, (3) using his prior conviction to enhance his sentence in violation of double jeopardy, (4) bad faith destruction of evidence relating to his vehicle as it pertained to his defense of accident by releasing it from the tow yard to the insurance company, (5) withholding evidence of his competency and that the victims had assaulted and abused him in the past, and (5) presenting false documents regarding the prior conviction. Lodgment No. 4 at 4, 30 (ECF No. 24-4); Lodgment No. 6 at 4, 8–10 (ECF No. 24-6); Lodgment No. 8 at 3–5, 7, 10, (ECF No. 24-8, 24-9); Lodgment No. 9 at 5–6, 8, 11 (ECF No. 24-10, 24-11); Lodgment No. 13 at 14–16 (ECF No. 24-15).

The Court looks through the silent denial by the state supreme court (Lodgment No. 14 [ECF No. 24-16]), to the appellate court opinion denying those claims, which stated:

> "(T)he petitioner bears the burden of stating a prima facie case entitling him to relief if true." *In re Bower* (1985) 38 Cal.3d 865, 872. "We presume the regularity of the proceedings that resulted in a final judgment (*citation*.), and, . . . the burden is on the petitioner to establish grounds for his release." *People v. Duvall* (1995) 9 Cal.4th 464, 474. Petitioner has not established that there is any merit to any of his arguments. His allegations are conclusory and do not state a prima facie claim for relief. *Ibid*.

Lodgment No. 12 at 1–2 (ECF No. 24-14).

The Court finds, consistent with its denial of Petitioner's prosecutorial misconduct claims in his prior federal habeas action (*see* Order filed August 10, 2015 (ECF No. 115) at 26–27 in So.Dist.Ca. Civil Case No. 13cv1193-GPC (PCL)), that the state court

adjudication of these claims, which correspond to claim two, subparts 1, 7–17, 24–25 of the TAP, on the basis that they did not state a prima facie case for relief, was neither contrary to, nor an objectively unreasonable application of, clearly established federal law. With respect to Petitioner's claim the prosecutor allowed false evidence of Joseph C.'s intoxication and injuries, Petitioner has failed to rebut the finding by the trial court that even if Joseph C. testified about his spinal injury in a manner unsupported by medical records, he nevertheless "suffered numerous serious injuries other than the alleged fractured vertebrae" to support the great bodily injury finding, and that additional evidence of his intoxication would not have made any difference because  "(Terry R.) testified that (Joseph C.) appeared to be under the influence of drugs, (Terry R.) himself admitted he had used methamphetamine the day before, and neighbors who came to (Joseph C.)'s aid also testified he smelled strongly of alcohol. The jury already had substantial evidence of (Joseph C.)'s intoxication." Lodgment No. 10 at 7 (ECF No. 24-12). Petitioner has failed to show the prosecutor committed misconduct in this regard or that it caused the resulting conviction to involve a denial of due process. *Darden*, 477 U.S. at 181.

Neither has Petitioner shown the prosecutor allowed a pretextual commitment to Patton State Hospital which created a speedy trial violation, as he has not rebutted the state court finding that his commitment was lawful. Lodgment No. 10 at 5 (ECF No. 24-12) ("(A) court-appointed psychiatrist found Petitioner mentally incompetent to stand trial and recommended commitment until Petitioner was judged competent. The trial court suspended criminal proceedings in accordance with (Penal Code) § 1368(c), and Petitioner received treatment in order to restore him to competency. The court therefore finds good cause existed for continuances associated with his competency.") He has failed to rebut the state court findings regarding claims the prosecutor presented false documents regarding his prior conviction or that his due process rights were violated by their use at his trial. *See* Lodgment No. 10 at 4 (ECF No. 24-12) ("Petitioner does not deny he suffered a prior conviction."); *id*. at 7 ("The crime of threatening to kill or

seriously injure another person is a crime of "moral turpitude," and thus a witness can be impeached based on a prior conviction for that crime. . . .the record also establishes the circumstances surrounding the commission of the crime were sanitized so as not to cause undue prejudice.") His claim that the use of his prior conviction to enhance his sentence violated double jeopardy because he was unaware when he pleaded guilty to that offense it could be used as a strike is without merit, as he has failed to rebut the state court finding that he was aware when he pled guilty that it could be used to enhance a future sentence. *See* Lodgment No. 7 at 3-4 (ECF No. 24-7) ("(T)he change of plea form bears Petitioner's initials, and signature under penalty of perjury, indicating that Petitioner read and understood the terms of his plea. . . . and expressly advised Petitioner that his conviction constitutes a "strike" that could result in substantially increased penalties for any future felony offense.") His claim of bad faith destruction of evidence of a broken window in his vehicle as it pertained to his defense of accident by releasing his vehicle from the tow yard to the insurance company, and withholding of evidence of his competency and evidence the victims had assaulted and abused him in the past, all fail to show his trial was infected with unfairness so as to make the resulting conviction a denial of due process. *Darden*, 477 U.S. at 181.

### b. Remaining subparts of claim two

It appears the remaining claims of prosecutorial misconduct were denied on procedural grounds in the state court. Lodgment No. 20 at 25, 38–39 (ECF Nos. 24-22–24-24); Lodgment No. 19 at 2 (ECF No. 24-21); Lodgment No. 16 at 1–2 (ECF No. 24-18). As discussed in the ineffective assistance claims, Petitioner has failed to show that evidence of potential malfunctions of his vehicle type's steering, braking and acceleration would have assisted his defense of accident, as he testified the vehicle was operating normally before, during and after the incident, other than that the GPS unit got trapped under the gas pedal briefly which caused his acceleration and inability to stop. In light of the evidence that he drove back and forth over Joseph C., breaking his bones while looking out the window at him, and that his vehicle performed normally before and after

the incident. Thus, even assuming the prosecutor was aware of information about recalls, malfunctions or civil suits addressing malfunctions in similar vehicles, Petitioner has not shown the failure to disclose such publicly available evidence infected the trial with unfairness so as to make the resulting conviction a denial of due process. *Darden*, 477 U.S. at 181. The same is true regarding subclaims 2 and 23, the alleged withholding of unidentified evidence regarding his competency or intellectual disabilities, which is in any case presumably within his own control. *Id.*; *see also Blackledge*, 431 U.S. at 74 (denying habeas relief on the basis that "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")

Petitioner's remaining claims of prosecutorial misconduct are without merit because they are either wholly conclusory or allege neither misconduct nor that the alleged actions caused the trial to be fundamentally unfair. These include that the prosecutor amended the indictment to change the weapon from a car to a vehicle after becoming aware that victim Terry R. had signed a disclaimer prior to trial with an insurance company referring to the incident as an accident (TAP claim two, subparts 3–6, 18–22); failed to preserve and disclose exculpatory evidence of the vehicle's impound and inspection which showed unidentified malfunctions of its airbags, ignition, steering and brakes (8–17); is currently under investigation in another case (26); substituted her personal opinion for a judicial finding of premeditation at sentencing to avoid discovery of her discovery violations (27); introduced records of his prior strike conviction at sentencing without Petitioner's stipulation or proper authentication, which showed the prior was a wobbler and should not have been used as a felony (28–29); and did not intervene in Petitioner's dispute over who should have represented him at resentencing, appointed or retained counsel (30). *Darden*, 477 U.S. at 181; *Blackledge*, 431 U.S. at 74 (denying habeas relief on the basis that "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")

1    In sum, based on the forgoing, the Court denies habeas relief as to claim two of the

2    TAP on the basis that the state court adjudication of those claims which were adjudicated

3    on the merits is neither contrary to nor an unreasonable application of clearly established

4    federal law nor involve an unreasonable determination of the facts, and on the basis that

5    the claims which were not adjudicated on the merits in state court are without merit under

6    a de novo review.

7                                    **V.    Petitioner's Motions**

8            **A.    Motion for enlargement of the record**

9            Petitioner moves to enlarge the record to include 50,000 pages of discovery from a

10   New York bankruptcy case involving vehicle malfunctions. ECF No. 47. The provisions

11   of 28 U.S.C. § 2254(e)(2), which limit evidentiary hearings and require the court to rely

12   on "the record that was before the state court" when adjudicating a claim under 28 U.S.C.

13   § 2254, apply with respect to expansion of the record under Rule 7 of the rules following

14   28 U.S.C. § 2254. *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2004), overruled

15   on other grounds by *Daire v. Lattimore*, 812 F.3d 756 (9th Cir. 2016); *Holland v.*

16   *Jackson*, 542 U.S. 649, 653 (2004) (holding that the same restrictions placed on

17   evidentiary hearings applies for discovery). Federal habeas courts cannot consider

18   evidence which was not presented to the state courts when considering whether the state

19   court's adjudication of a claim was objectively reasonable. *Pinholster*, 563 U.S. at 181.

20   As discussed above, Petitioner has not established that evidence of malfunctions of the

21   type of vehicle he used to assault the victims would have contributed to his defense of

22   accident at trial, and the state court record is adequate to deny his claims. Thus, neither

23   discovery nor an evidentiary hearing are necessary where, as here, the federal claims can

24   be denied on the basis of the state court record, and where the petitioner's allegations,

25   even if true, do not provide a basis for habeas relief. *Campbell v. Wood*, 18 F.3d 662, 679

26   (9th Cir. 1994); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("It follows that

27   if the record . . . precludes habeas relief, a district court is not required to hold an

28   evidentiary hearing.") The motion for enlargement of the record is denied.

### B.   Motion for Judicial Notice

Petitioner seeks judicial notice of a civil suit filed in the Orange County Superior Court regarding vehicle malfunctions. ECF No. 51. Like the motion for enlargement of the record, this motion seeks to introduce evidence which it is now clear is unnecessary to the resolution of the TAP. *See Pinholster*, 563 U.S. at 181 (federal review of habeas relief under § 2254(d) is limited to the state record). The motion is therefore denied.

### C.   Motions for Joinder

Petitioner has filed two motions to join this case with *Dunsmore, et al. v. State of California, et al.*, So.Dist.Ca. Civil Case No. 20cv0406-AJB (DDL), in which he is the lead plaintiff alleging, among other things, interference with his ability to litigate challenges to his conviction and sentence, which he contends has caused any procedural default of any of his claims in this case. ECF Nos. 53, 58. He has also filed a motion for a ruling on the first motion. ECF No. 54. Because the Court has not relied on procedural default to deny any claim, all three motions are denied as moot.

### D.   Motions for Summary Judgment

Petitioner contends there is no genuine issue of material fact in dispute that habeas relief should be granted, and he be released from his illegal custody. ECF Nos. 55, 57. As set forth throughout this Order, Petitioner is not entitled to habeas corpus relief. Accordingly, these motions are without merit and are denied.

## VI.   Certificate of Appealability

The Court is required to grant or deny a Certificate of Appealability when entering a final order adjudicating a 28 U.S.C. § 2254 habeas petition. *See* Rule 11, rules foll. 28 U.S.C. § 2254. "(T)he only question (in determining whether to grant a Certificate of Appealability) is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017), quoting *Miller-El*, 537 U.S. at 327.

Petitioner has not made the required showing, and therefore a certificate of appealability is denied.

## VII. CONCLUSION

The Court **DENIES** the Third Amended Petition for the reasons discussed above.

The Court **DENIES** Petitioner's Motion to enlarge the record (ECF No. 47), Motion for Judicial Notice (ECF No. 51), Motions for joinder (ECF Nos. 53, 54, 58), and Motions for summary judgment (ECF Nos. 55, 57).

The Court **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED.**

Dated:  March 4, 2024

Honorable James E. Simmons Jr.
United States District Judge